# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**MELISSA BLUEDORN,**

    **Plaintiff,**

**vs.**

Case No.: _____

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Melissa Bluedorn (hereinafter "**Plaintiff**" or "**Ms. Bluedorn**"), by and through her attorneys, and for her Complaint against Defendant Hartford Life and Accident Insurance Company (hereinafter "**Defendant**" or "**Hartford**"), states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this matter may be based on 28 U.S.C. § 1332 (federal court "diversity jurisdiction"). Plaintiff is a resident and citizen of the State of Tennessee. Upon information and belief, Defendant is an entity formed and organized under the laws of Delaware and with headquarters/principal place(s) of business in Connecticut. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Alternatively, to the extent that this matter is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), jurisdiction of this case is based on 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this may consist of the Clarksville-Montgomery County School

System's Long Term Disability Plan and corresponding insurance policy issued/underwritten by Hartford (**Policy Number: GLT675508**) [hereinafter the "**Plan**" and the "**Policy,**" respectively]; which was (and is) underwritten, administered and/or managed by Hartford for the benefit of certain employees of the Clarksville-Montgomery County School System (hereinafter the "**School System**"). In addition, to the extent that ERISA controls here, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

3. To the extent that this matter is governed by ERISA, that statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. In any event, all avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Hartford Insured ID: 9005261590**.

4. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

5. Ms. Bluedorn lives in Clarksville, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Tennessee.

6. At all times relevant hereto, Plaintiff was an "employee" of the School System, that being her "employer"; *cf.*, 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a bus driver for the School System; however, due to her established disability, she last worked there on or about March 15, 2018.

7. At all times relevant hereto, the School System was the Plan Sponsor and Plan Administrator for the Plan; to the extent that ERISA controls here, it was also "plan sponsor,"

"administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

8. At all times relevant hereto, Defendant Hartford was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, to the extent that ERISA controls here, Hartford was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Hartford is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Hartford has a financial conflict of interest/bias that may impact the standard of review used by the Court.

9. At the times relevant hereto, Defendant Hartford acted as agent for the Plan and for Plan Sponsor/Plan Administrator the School System.

10. Under the Plan and/or Policy, the School System delegated or assigned to Defendant Hartford the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

11. At all times relevant hereto, to the extent that ERISA controls here, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus would qualify as a "participant" as defined by 29 U.S.C. § 1002(7).

12. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness,

3

sickness, and/or other covered medical condition as set forth under the Plan/Policy.

13. The Plan/Policy provides that an insured is disabled when he or she is prevented from performing one of more of the Essential Duties of: 1) His or Her Occupation or a Reasonable Alternative Job offered to him or her by his or her employer during the Elimination Period; 2) His or Her Occupation or a Reasonable Alternative Job offered to him or her by his or her Employer for the 36 months following the Elimination Period, and as a result His or Her Current Monthly Earnings are less than 80% of His or Her Indexed Pre-disability Earnings; and 3) after that, Any Occupation. "**Any Occupation**" is defined as "any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of: 1) the product of Your Indexed Pre-disability Earnings and the Initial Benefit Percentage [60%]; or 2) the Maximum Monthly Benefit."

## STATEMENT OF FACTS

14. Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. Ms. Bluedorn is currently 48 years old, and her date of birth is in July, 1974. She has only a high-school education.

16. Ms. Bluedorn was employed by the School System as a bus driver. When she last worked, she was earning an annual salary of approximately $16,000.00.

17. However, due to her established medical disability, Ms. Allen's last day of work was on or about March 15, 2018.

4

Case 3:22-cv-00787   Document 1   Filed 10/05/22   Page 4 of 10 PageID #: 4

18. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: failed back syndrome,[1] chronic lumbar radiculopathy,[2] chronic low back pain with bilateral SI joint pain with new left radicular leg pain, and bilateral leg weakness.

19. After she could no longer perform her work for the School System, and based on her employment there, Ms. Bluedorn was eligible and applied for LTD benefits through Hartford. Hartford initially approved Ms. Bluedorn's claim for LTD benefits and paid such benefits from approximately from June 13, 2018 through June 12, 2021.

20. Ms. Bluedorn was first notified that Hartford would no longer be paying these benefits via letter dated April 30, 2021.

21. Despite due appeal(s) by or on behalf of Plaintiff, Hartford has continued to deny LTD benefits. The final denial letter was dated September 21, 2022.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were conditions precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her

---

[1] Failed back syndrome: after any spine surgery, a percentage of patients may still experience pain. This condition is characterized by intractable pain and an inability to return to normal activities. Surgery may be able to fix the condition but not eliminate the pain.

[2] Often referred to as a "pinched nerve," radiculopathy is injury or damage to nerve roots in the area where they exit the spine. This condition can affect anyone and can result from disc degeneration, disc herniation or other trauma.

5

claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

25. Under any standard of review that may apply,[3] the position taken by Hartford in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Hartford were wrong, as well as arbitrary and capricious, under the circumstances presented.

26. Further, assuming that ERISA applies here, denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

27. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I --- Contract/State-Law Claims

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

---

[3] Assuming that ERISA applies, Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

6

30. Assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA pursuant to 29 U.S.C. § 1003(b)(1), Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract for LTD benefits between Defendant Hartford and the School System (of which Plaintiff was an intended third-party beneficiary, *i.e.*, Plan beneficiary) and/or the contract between Hartford and certain School System employees (including Plaintiff). Among other things, Defendant Hartford has failed, and refuses as of today, to pay to Plaintiff under said contract(s) all of the LTD benefits to which she is entitled and which she relied upon receiving. Defendant Hartford has also breached the covenant/duty of good-faith and fair dealing that accompanied said contract(s).

31. In addition, assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA, Plaintiff makes claim against Defendant Hartford for all permissible damages and relief based on Tenn. Code Ann. § 56-7-105 -- Tennessee statutory law for bad faith failure to pay on an insurance policy.

## COUNT II --- Alternative ERISA/Statutory Claim(s)

32. Plaintiff realleges and reavers paragraphs 1 through 31 of the Complaint, incorporating them by reference herein as if specifically restated.

33. In the alternative, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

# PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That, assuming that the Plan/Policy is exempt from or otherwise not governed by ERISA, the Court enter a money judgment in Plaintiff's favor and against Defendant, based on the common-law and statutory causes of action under state law that are alleged above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contractual, compensatory, consequential, incidental, and/or extra-contractual damages, injuries, losses, and expenses caused by or due to Defendant's wrongful conduct; all as allowable under law and subject to the proof;

B. Alternatively, that the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying, and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[4] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

C. Further, alternatively, that the Court enter judgment in Plaintiff's favor and against Defendant; declaring, determining, clarifying, and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to F. R. Civ. P. 65, via specific performance,

---

[4] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

D. If applicable, that the Court award to Plaintiff her attorney's fees and/or costs/expenses of suit pursuant to Tenn. Code Ann. § 56-7-105;

E. If applicable, that the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

F. That, if applicable, the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent (as the case may be) with the ERISA statute, regulations and federal common law developed in the context of ERISA, and consistent with the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[5] and post-judgment interest[6] on all amounts awarded or to be awarded;

G. That the Court order (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via

---

[5] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest applicable in ERISA cases).

[6] *See*, 28 U.S.C. § 1961.

9

Case 3:22-cv-00787 Document 1 Filed 10/05/22 Page 9 of 10 PageID #: 9

injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits paid and to be paid; this in sufficient detail that Plaintiff may ascertain that her benefits have been, and are, paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

H. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

I. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 5th day of October, 2022.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ K. Cody Allison
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com